# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| BRANCH BANKING & TRUST CO., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-00346-P |
| MELLOW MUSHROOM THREE PEAT, INC., ET AL., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Branch Banking & Trust Co.'s ("the Bank") Motion to Enforce Settlement Agreement (ECF No. 17) ("Motion to Enforce"), filed July 30, 2019, and the Bank's Opposed Motion to File Supplemental Evidence (ECF No. 31), filed September 3, 2019. Both of these motions are fully briefed and ripe for review.

*First*, having considered the Bank's Opposed Motion to File Supplemental Evidence and all responsive briefings and other papers on file with the Court, the Court finds that it should be and is hereby **GRANTED**. Accordingly, the evidence described in the Bank's Opposed Motion to File Supplemental Evidence hereby supplements the evidence provided in support of the Bank's Motion to Enforce. *Second,* having considered the Bank's Motion to Enforce, the Court finds, for the reasons set forth below, that it should be and is hereby **DENIED**.

# BACKGROUND

I. **The Bank Makes Two Loans to Defendants and Files this Lawsuit.**

This acrimonious collection action arises out of two secured loans the Bank made to Mellow Mushroom Three Peat, Inc. ("Mellow Mushroom") for construction of a restaurant and restaurant equipment. Pl.'s Orig. Compl. at p. 2, ECF No. 1. These loans were secured by the unconditional guaranties of the Arlington Double Down Enterprises, LLC ("Double Down"), Zig Zag Dough, LLC ("Zig Zag"), Kimberly Slawson ("Ms. Slawson"), and Montie J. Slawson ("Mr. Slawson") ("Guarantor-Defendants").[1] *Id*.

The Bank filed its Original Complaint on April 26, 2019. *Id*. The Bank asserts that the loans are in default, with an amount of outstanding debt totaling $1,660,718.94. *Id*. at pp. 5-6. It claims that such amount is due and owing as of April 19, 2019, with interest continuing to accrue on said sum until paid in full, plus reasonable fees and expenses which continue to accrue. *Id*. at pp. 10-11. The Bank further claims that it has made demand for the payment of the outstanding balance of the loans, but Defendants have not satisfied the debt. *Id.* at p. 2. Defendants have answered, deny that they have failed to comply with the terms of the loans, and dispute the amount of the balance the Bank claims is outstanding on the notes. *See* ECF Nos. 8, 13, 19.

II. **The Parties Attempt to Settle Their Dispute.**

In July 2019, the parties engaged in informal settlement negotiations concerning the claims at issue in this lawsuit. Pl.'s Mot. to Enf. at pp. 2-4, ECF No. 17-1. On July 16,

---

[1] The term "Defendants" as used herein refers to Mellow Mushroom together with the Guarantor-Defendants.

2019, counsel for the Bank, Marty Quirk, sent an e-mail to counsel for Defendants, Andrew Stasio, that purported to recapitulate a conversation the two attorneys had the day before.[2] Ex. A-1 to Pl.'s Mot. to Enf., ECF No. 17-1.

Mr. Quirk's email on July 16, 2019 at 11:04 a.m. stated as follows:

> Andrew:
>
> From our conversation yesterday, I understand that we have agreed to a consent judgment in the pending Federal notes' case and have also agreed that your clients will cooperate and sign necessary documentation to secure and reflect BB&T's lien on any proceeds of the pending construction litigation. Please let me know if you agree to those understandings and we will forward to you the necessary documents with the goal of getting all documentation for the consent judgment and for the lien signed this month. Thanks.
>
> -Marty

*Id.* Mr. Stasio responded to Mr. Quirk's email that same day at 12:10 p.m. as follows:

> Hi Marty,
>
> That is our intention and understanding as well. I appreciate your working toward our mutual goal of protecting our clients while seeking the means to satisfy the notes.
>
> Andrew

*Id.*

---

[2] Mr. Quirk is a Georgia attorney, and is not counsel of record in this lawsuit; however, both the Bank and Mr. Quirk allege that Mr. Quirk had the authority to negotiation a settlement on the Bank's behalf in July 2019. Pl.'s Reply at p. 3, ECF No. 32; Aff. of Martin Quirk at pp. 2-4, ECF No. 31-1. Andrew Stasio filed original answers on behalf of Mellow Mushroom, Ms. Slawson, Mr. Slawson, and Double Down. ECF Nos. 8 and 13. Mr. Stasio did not file the original answer on behalf of Zig Zag, but Mr. Stasio "confirmed by email on July 17, 2019 that he represented Zig Zag." Pl.'s Mot. to Enf. at p.3, ECF No. 17-1; Ex. E-1 to Unsworn Dec. of Jason Rodriguez, ECF No. 31-2.

### III. Defendants Decline to Formalize the Settlement.

Following the above e-mail exchange (the "July 16 Email Exchange"), Defendants refused to sign any documentation to effectuate a consent judgment or any settlement agreements. Pl.'s Mot. to Enf. at p. 4, ECF No. 17-1. On July 24, 2019, Evan Lane "Van" Shaw, Janet R. Randle, and David Welch of the Law Office of Van Shaw filed a Notice of Appearance on behalf of Mellow Mushroom, Double Down, Ms. Slawson, and Mr. Slawson. Not. of Appear., ECF No. 15. On July 30, 2019, The Law Offices of Van Shaw filed Zig Zag's original answer without including Mr. Stasio on the filing. Zig Zag's Orig. Answer, ECF No. 19. That same day, Mr. Stasio filed a motion to withdraw as attorney of record for Mellow Mushroom, Double Down, Ms. Slawson, and Mr. Slawson. Mot. for Withdrawal of Counsel, ECF No. 18.

The Bank filed its Motion to Enforce on July 30, 2019, in which it asked the Court to find that the July 16 Email Exchange constituted a binding settlement agreement enforceable against all parties, and further asked the Court to order Defendants to execute an agreed judgment and pledge agreement. Pl.'s Mot. to Enf., ECF No. 17. Defendants filed their Response to Plaintiff's Motion to Enforce Settlement and Evidentiary Objections to Plaintiff's Evidence Proffered in Support of Same on August 20, 2019. Def.'s Resp., ECF No. 28. The Bank filed a reply on September 3, 2019 (ECF No. 32), and Defendants responded to the Bank's reply on September 8, 2019 (ECF No. 34).[3]

---

[3]The Court has considered the evidentiary objections raised in Defendants' Response to Plaintiff's Motion to Enforce Settlement and Evidentiary Objections to Plaintiff's Evidence Proffered in Support of Same (ECF No. 28) and in Plaintiff's reply thereto (ECF No. 32). After

**LEGAL STANDARD**

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *See e.g.*, *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994) (internal quotation marks and citation omitted). In diversity cases, state contract law governs the enforcement and construction of such agreements. *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014); *Lefevre v. Keaty*, 191 F.3d 596, 598 (5th Cir. 1999). Federal courts sitting in Texas apply Texas Rule of Civil Procedure 11 to settlement agreements, even though it is arguably a procedural rule. *Anderegg v. High Standard, Inc.*, 825 F.2d 77, 80 (5th Cir. 1987); *see also White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986) ("[C]hallenges to a settlement agreement based on interpretation of an ambiguous term, capacity to contract, fraud, or indefiniteness of a term all turn on the applicable state law."). Rule 11 provides in relevant part that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record." TEX. R. CIV. P. 11. "Rule 11 is a minimum requirement for enforcement of all agreements concerning pending suits, including, but not limited to, agreed judgments."[4] *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984). A settlement agreement that complies with Rule 11 must also satisfy the elements required for the formation of a valid contract,

---

reviewing the evidence, the arguments of counsel, and all papers on file with the Court, the Court finds that the objections should be and are hereby **OVERRULED**.

[4]Texas and Federal courts use the terms "agreed judgment(s)," "consent judgment(s)," and "consent decree(s)" interchangeably.

which are: (1) an offer; (2) acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Cessna Aircraft Co. v. Aircraft Network, LLC*, 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied). Thus, "compliance with Rule 11 is necessary, but not sufficient [to enforce a settlement agreement containing an] agreed judgment." *Kennedy*, 682 S.W.2d at 529.

"Federal Courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Kupcho*, 792 F.2d at 530 (quoting *Cia Anon Venezolana de Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967)). However, the authority to enforce a settlement agreement does not automatically empower a court to enter a consent judgment based on that settlement agreement. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 268 (5th Cir. 1995). A "court cannot render a valid agreed judgment absent consent at the time it is rendered." *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995); *Kennedy*, 682 S.W.2d at 528 ("[N]otwithstanding a valid Rule 11 agreement, consent must exist at the time an agreed judgment is rendered."); *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951) ("It is not sufficient to support the judgment that a party's consent thereto may at one time have been given; consent must exist at the very moment the court undertakes to make the agreement the judgment of the court."). "[A] party has the right to revoke his consent at any time before the rendition of judgment." *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983); *Lefevre*, 191 F.3d at 598 (citing *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995)). A consent judgment rendered after one of the

6

parties revokes its consent is void. *Leal*, 892 S.W.2d at 857; *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874–75 (Tex. 1982).

"Although a court cannot render a valid agreed judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement." *Padilla*, 907 S.W.2d at 461. "The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract." *Id*. "Accordingly, the party seeking enforcement must pursue a separate breach of contract claim which is subject to the normal rules of pleading and proof." *Staley v. Herblin*, 188 S.W.3d 334, 336 (Tex. App.—Dallas 2006); *Padilla*, 907 S.W.2d at 462.

## ANALYSIS

The Bank argues that the July 16 Email Exchange constitutes a valid contract formed under Texas law and that the Court should enforce it in its entirety. Pl.'s Mot. to Enf., ECF No. 17. Specifically, the Bank requests the Court to order Defendants to execute an agreed judgment and a pledge agreement that were not included in the July 16 Email Exchange and were not prepared by the Bank's attorney until after July 16, 2019. *Id*. In response, Defendants claim that the July 16 Email Exchange does not constitute a binding settlement agreement per Rule 11 because (a) the Bank failed to establish that Mr. Quirk and Mr. Stasio possessed the requisite authority to enter into a settlement agreement on behalf of the parties, (b) the July 16 Email Exchange does not contain signatures satisfying the requirements of Rule 11, (c) the July 16 Email Exchange does not contain all of the material terms of the alleged settlement, (d) the Bank did not enter into the record a writing

complying with Rule 11, and (e) at the time of the July 16 Email Exchange, Zig Zag had not appeared in the case. Def.'s Resp. at pp. 5-7, ECF No. 28. Moreover, Defendants expressly withdrew any actual or implied agreement for the consent judgment proposed by the Bank. Ex. A to Def.'s Resp. at ¶ 31 and Ex. B to Def.'s Resp. at ¶ 15, ECF No. 28-1.

Even if the July 16 Email Exchange constituted a valid and enforceable settlement agreement containing an agreed judgment, the Court is not empowered to enforce the agreement at this stage of the case. *First*, it is axiomatic that "[w]here fact issues are raised or consent has been withdrawn, the only method available for enforcing a settlement agreement is through summary judgment or trial." *Staley*, 188 S.W.3d at 336 (citing *Mantas v. Fifth Court of Appeal*s, 925 S.W.2d 656, 658–59 (Tex. 1996)); *Padilla*, 907 S.W.2d at 462. Here, not only have Defendants expressly withdrawn their express or implied consent to any potentially enforceable settlement agreements or consent judgments, but there appear to be a variety of fact issues surrounding the enforceability of any agreement the Bank relies upon in the July 16 Email Exchange. *See Wiley v. Bertelsen*, 770 S.W.2d 878, 882 (Tex. App.—Texarkana 1989, no writ) ("An alleged agreement which is too vague, indefinite and uncertain is not an enforceable contract, and a contract is not enforceable when the agreement of the parties leaves an essential term for later determination and it is never determined."); *Osa v. Neill Investments, LLC*, No. 02-17-00181-CV, 2018 WL 1755224, at *4 (Tex. App.—Fort Worth 2018, no writ) (explaining "it is not enough that one party thinks that he has made a contract; he must show that the intentions of the parties to make a contract have been expressed in a matter that the court can understand"). *Second*, the Bank has not pled a claim for breach of the settlement

agreement. Indeed, "[t]o allow enforcement of a disputed settlement agreement simply on motion and hearing would deprive a party of the right to be confronted by appropriate pleadings, assert defenses, conduct discovery and submit contested fact issues to a judge or jury." *Staley*, 188 S.W.3d at 336-337; *see also Cadle Co. v. Castle*, 913 S.W.2d 627, 632 (Tex. App.—Dallas 1995, writ denied). In sum, the Court lacks the authority to enter a consent judgment over the objection of Defendants, and the Bank has not pled and proved a breach of contract cause of action to enforce a binding settlement agreement.

## CONCLUSION

For the foregoing reasons, the Court finds that the Bank's Motion to Enforce (ECF No. 17) should be and is hereby **DENIED**. In accordance with this Order, the Bank is hereby **GRANTED** leave to amend its Original Complaint. Plaintiff's deadline to file an Amended Complaint is February 21, 2020. Defendants' deadline to file a responsive pleading or other response to an Amended Complaint is 21 days from the date of the filing.

**SO ORDERED** on this **3rd day** of **February, 2020**.

_/s/ Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE